DURDEN v. PATTERSON et al.

No. 11204.

Court of Civil Appeals of Texas. Galveston.

Dec. 19, 1940.

A. L. Pierson, Harold Kahn, and J. R. Hill, all of Houston, for relator.

Carlos B. Masterson, of Angleton, for respondents.

GRAVES, Justice.

The relator herein, an administratrix de bonis non of the estate of Jacob Kiehlbauch, deceased, sued the respondents, Miss Jimmie Patterson and Sul Ross Harrington, as district clerk and court reporter, respectively, of the Twenty-Third District Court of Brazoria County, alone, in an original application to this court for a writ of mandamus to compel them to prepare and furnish her a requested transcript and statement of facts, as being in compliance with their official duties to her under R.S. Articles 2072 and 2276, without payment or without security therefor, in cause No. 27,-679, in such district court, styled "The Estate of Jacob Kiehlbauch, deceased, by administratrix, d. b. n., Bernice Kiehlbauch Durden v. Mrs. Kittie Nash Groce et al."

It is also made to appear that that suit was one between relator, as plaintiff and cross-defendant, against Mrs. Kittie Nash Groce and the Federal Land Bank of Houston, as defendants and cross-plaintiffs, in trespass to try title to 283 acres of land located in Brazoria County, Texas, wherein the district court of that county, on the 16th day of September, 1940, rendered a judgment for such land adverse to this relator in both her capacities therein, and in favor of such defendants and cross-plaintiffs therein, to wit, Mrs. Kittie Nash Groce and the Federal Land Bank of Houston, whereupon the relator excepted to that judgment and gave notice of appeal therefrom; it further appears that the transcript and statement of facts now made the subject matter of this application for mandamus, constitute the means and bases by which this relator is seeking to have officially shown the proceedings had upon that trial.

Under the facts stated, it is obvious that the adverse parties to the relator in such cause No. 27,679 in the Brazoria County district court are vitally interested in the controversy to which such application for mandamus relates—that is, the proper procurement, filing, and fixing of responsibility among those parties for the transcript and statement of facts, upon which any appeal therein is to be determined, and that each of them is a necessary party to this proceeding in mandamus; wherefore, since neither one of such parties is either named in this application, or brought before this court, it becomes plain that it is fatally defective for the want of both of them as necessary parties thereto.

The petition will accordingly be dismissed, without prejudice to any right the relator may have to again present the same to this court, with all necessary parties included. H. M. Cohen Lumber & Bldg. Co. v. McCalla, Judge, Tex.Civ.App., 142 S.W. 2d 685; Kelly v. Lobit, Tex.Civ.App., 134 S.W.2d 420, and cited authorities.

Application dismissed without prejudice.